UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| THIRPLUS MOOSE,<br><br>    Petitioner,<br><br>v.<br><br>J. A. BARNHART, Warden,<br><br>    Respondent. | No. 6:18-CV-232-REW<br><br>OPINION & ORDER |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

In August 2018, Thirplus Moose filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* DE #1. However, Moose neither paid the applicable filing fee nor filed a motion to proceed *in forma pauperis*. The Court therefore dismissed the petition without prejudice. *See* DE #4 (Order). On Moose's prompt motion premised on subsequent filing fee payment, the Court reopened the case. DE #7 (Order). The matter is ripe for screening, per 28 U.S.C. § 2243.

The Court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). The Court dismisses at screening "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.*; *see also Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (describing screening process and standard).

In November 2012, Moose pleaded guilty in the Western District of Missouri to (1) conspiracy against the United States, (2) armed bank robbery and forcible restraint, and (3) use or discharge of a firearm during a crime of violence causing murder. *See United States v. Moose*, 529

F. App'x 807, 808 (8th Cir. 2013). The Complaint that Moose tendered describes the underlying facts, which centered on a FDIC-insured bank. *See* DE #1-2, at 12-17.

The Court has reviewed every page Moose filed as part of the § 2241 effort and determines that he presents a legally frivolous petition—one obviously lacking in merit.[1] The many pages consist of broad statements of law, as well as musings about jurisdiction, indictment sufficiency, and the federal criminal case resolution process. Petitioner's focus, though, is on an alleged lack of territorial jurisdiction for his court of conviction. Moose's ramblings, in the Court's assessment of the totality, are "frivolous argument[s] that ignore[] the basic principles of federalism. . . . Federal courts have exclusive jurisdiction of offenses against the laws of the United States under 18 U.S.C. § 3231; the permission of the states is not a prerequisite to exercise that jurisdiction." *United States v. Hamilton*, 263 F.3d 645, 655-56 (6th Cir. 2001); *see also* 28 U.S.C. § 105. The Court finds Moose's arguments "to be meritless." *Hamilton*, 263 F.3d at 656.[2]

Accordingly, per this analysis, the Court **DISMISSES** Moose's § 2241 petition (DE #1) and will enter a separate Judgment.

This the 13th day of September, 2018.

Signed By:
Robert E. Wier  *REW*
United States District Judge

---

[1] The Court elects to proceed with screening on this basis as a matter of discretion. The Court does not address, at least at this time, due to the clarity of the merits result, the procedural barriers that may also arise in this context.

[2] *See also, e.g.*, *United States v. Bacon*, 884 F.3d 605, 609 (6th Cir. 2018); *United States v. Pryor*, 842 F.3d 441, 447-48 (6th Cir. 2016); *United States v. Al-Maliki*, 787 F.3d 784, 791 (6th Cir. 2015); *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005); *United States v. Stewart*, 306 F.3d 295, 321 (6th Cir. 2002).